J-S75036-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY S. BALSIGER, | : | |
| | : | |
| Appellant | : | No. 779 WDA 2017 |

Appeal from the PCRA Order April 11, 2017
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0003320-2005

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:            FILED FEBRUARY 14, 2018

Jeremy S. Balsiger ("Balsiger"), pro se, appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court described the relevant factual and procedural background of this case as follows:

On January 10, 2006, [Balsiger] pled guilty to [a]ccess [d]evice [f]raud, as a result of his unauthorized use of someone else's credit card.  On March 31, 2006, [Balisger] was sentenced to pay costs, restitution, and serve 12 to 36 months incarceration, followed by 3 years of probation.  [Balsiger] committed additional violations and was revoked multiple times during his probationary period.  On March 3, 2016, [Balsiger] was subject to another [r]evocation and [r]esentencing.  This most recent revocation Order imposed a [prison] sentence of 3[]½ to 7 years, with a credit for time served of 312 days.

_____

[1] See 42 Pa.C.S.A. 9541-9546.

> [Balsiger] filed the instant PCRA [P]etition on November 28, 2016, which was timely. [Balsiger's] only statement of error is that "[Balsiger] avers that he has not been given time credit for commitment time on these offenses for the following periods of time: See attachment." [PCRA Petition, 11/30/16, at ¶ 13.] [Balsiger] attaches a copy of his Sentencing Order of March 31, 2006, imposing incarceration for 12 to 36 months, with 33 days credit for time served, and his most recent Revocation and Resentencing Order of March 3, 2016, imposing [i]ncarceration for 3[]½ to 7 years, with 312 days credit for time served. [Balsiger] has not articulated how the calculation of time served was incorrect. A review of the record does not reveal any obvious errors with respect to the credit awarded.

PCRA Court Pa.R.Crim.P. 907 Notice, 2/9/17, at 1-2 (footnotes omitted).[2]

The PCRA court appointed counsel, who filed a Turner/Finley[3] no-merit letter and a Petition to Withdraw as counsel. On February 9, 2017, the PCRA court filed a Pa.R.Crim.P. 907 Notice of its intent to dismiss the Petition, along with an Order granting counsel's Petition to Withdraw. Balsiger, pro se, sought an extension of time within which to respond to the Notice, which the PCRA court granted. However, Balsiger did not file any response to the Notice, and the PCRA court dismissed his Petition on April 11, 2017. Balsiger, pro se, thereafter filed a timely Notice of Appeal, and a

---

[2] Balsiger's Petition was styled as a "Motion for Time Credit and Corrected Commitment." The PCRA court properly treated the Motion as a Petition filed pursuant to the PCRA. See Commonwealth v. Taylor, 65 A.3d 462, 465 (Pa. Super. 2013) (holding that the PCRA is intended to be the sole means of achieving post-conviction relief, and that a petitioner may not escape the PCRA's mandates by titling his petition a "motion.").

[3] See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. In his Concise Statement, Balsiger stated his issue on appeal as follows:

> [Balsiger] respectfully suggests that the trial court erred and/or abused its discretion in that[] the court revoked and resentenced [Balsiger] to a maximum sentence of 3½ to 7 years for an offense which occurred in 2005[,] over ten-years ago[,] for [a]ccess [d]evice [f]raud – 18 Pa.C.S.A. § 4106(a)[(]1[)](ii)[,] in which [Balsiger] completed the 12 to 36 month sentence, but violated PROBATION without a new conviction, in violation of the [d]ouble [j]eopardy [c]lauses and the [c]ruel and [u]nusual [p]unishment [c]lauses of the United States Constitution, Amendment[s] 5 & 8, and the Pennsylvania Constitution, Article 1, §§ 9, 10 & 13.

Concise Statement, 6/5/17, at 1 (unnumbered). In response to Balsinger's Concise Statement, the PCRA court issued its Pa.R.A.P. 1925(a) Opinion, and directed the Clerk of Courts to submit the record to this Court for review on appeal.[4]

On appeal, Balsiger, pro se, raises the following issue for our review:

> Did the PCRA court commit legal error or abuse its discretion in denying post-conviction relief on the claim of whether [Balsiger] is entitled to a new violation of probation ("VOP") hearing in this matter based on the fact that the evidence presented was insufficient to support a revocation of probation pursuant to 42

_____

[4] Following the entry of the PCRA court's Pa.R.A.P. 1925(a) Opinion, Balsinger filed a second Concise Statement, without leave of court to do so. The PCRA court did not address Balsinger's second Concise Statement. However, our review discloses no additional claims raised therein. Rather, in his second Concise Statement, Balsinger merely reasserted his claim that his rights were violated "under the Fifth and Eighth Amendments of the U.S. Constitution and Article 1[,] sections 9, 10 and 13 of the Pennsylvania Constitution …." Concise Statement, 6/16/17, at 1 (unnumbered).

> Pa.C.S.A. § 9771 (relating to modification or revocation of order of probation), and a genuine issue of the validity of the revocation proceedings and the legality of the new sentence exists?

Brief for Appellant at 4 (emphasis omitted).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, we must determine whether Balsiger preserved his claim for our review. Pursuant to Pa.R.A.P. 302(a), issues not raised in the lower court are waived, and cannot be raised for the first time on appeal.

Here, the sole issue raised by Balsiger in his Petition was that he had received insufficient credit for time served. See Motion for Time Credit and Corrected Commitment, 11/30/16, at 1 (unnumbered). Balsiger's PCRA counsel addressed Balsiger's sole issue in his Turner/Finley no-merit letter, and determined that Balsiger's revocation sentence was "patently legal in nature[,]" and that Balsiger had "failed to state any colorable claims for PCRA relief." Turner/Finley No-Merit Letter,1/26/17, at 1 (unnumbered).

On appeal, Balsiger does not address the sole claim raised before the PCRA court, namely, that he had received insufficient credit for time served. Rather, in his Concise Statement, the Statement of Questions Presented, and the Argument section of his brief, Balsiger attempts to raise entirely new claims that were not presented to the PCRA court.[5]  As these new claims were not raised before the PCRA court, we cannot address them.  See Pa.R.A.P. 302(a).  Additionally, as Balsiger failed to address his challenge to credit for time served in his Statement of Questions presented or the Argument section of his brief, we deem the issue waived.  See Pa.R.A.P 2116(a) (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); see also Pa.R.A.P. 2119(a) (providing that each question an appellant raises is to be supported by discussion and analysis of pertinent authority); Commonwealth v. Murchinson, 899 A.2d 1159, 1160 (Pa. Super. 2006) (deeming appellant's claims waived under Pa.R.A.P. 2119(a) because he did not develop meaningful argument with specific references to relevant caselaw and to the record to support his claims).

Order affirmed.

_____

[5] In the Argument section of his brief, Balsiger contends that (1) there was insufficient evidence to establish that he had violated the terms of his probation; (2) the terms of his probation violated the ultra vires doctrine; and (3) his revocation counsel was ineffective.  See Brief for Appellant at 10-20.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/14/2018